Argued September 17, reversed October 19, 1926.

# SECURITY FINANCE COMPANY *v.* L. COMINI.

(249 Pac. 1054.)

**Bills and Notes.**

1. Conditional automobile sales contract *held* not negotiable instrument, in view of Section 7793, Or. L.

**Sales—Assignee of Non-negotiable Conditional Automobile Sales Contract cannot Recover from One Who was Induced to Sign It by Fraud.**

2. Assignee of non-negotiable conditional automobile sales contract cannot recover from one who was induced to sign it by fraud, since such assignee took subject to all equities and defenses available between original parties.

**Pleading—Answer Alleging That Seller Induced Buyer to Sign Conditional Sales Contract by Representation That Contract was Bill of Sale Held Sufficient After Verdict to Allow Admission of Testimony as to Seller's Fraud.**

3. In action on conditional automobile sales contract, answer alleging that seller induced buyer to sign by representation that contract was bill of sale for trade-in car *held* sufficient after verdict to allow admission of testimony as to seller's fraud, under instruction that defendant had burden to prove such fraud.

---

1. Negotiability of title-retaining note, 28 A. L. R. 699.

2. Assignment of seller's interest under conditional sale contract, see note in 37 L. R. A. (N. S.) 73. See, also, 24 R. C. L. 478.

Contracts—Where Signer was Induced by Fraud, and Without Negligence, to Sign Instrument Materially Differing from That Which He Intended to Sign, He is not Liable.

4.   Where person signs instrument which differs in material respect from that which he intended to sign, mistake as to terms or character of instrument being caused by fraud, deceit, or misrepresentations of another, and not due to signer's laches or negligence, latter is not liable thereon.

Bills and Notes, 8 C. J., p. 52, n. 32, 33, 34, 35, p. 55, n. 28, 29, p. 391, n. 81, p. 791, n. 3, p. 793, n. 13, 14, 16, 17.

From Wasco:   FRED W. WILSON, Judge.

Department 2.

This is an appeal by defendant from an order of the Circuit Court setting aside the verdict of a jury and judgment in favor of defendant, and granting a new trial.

The complaint is based upon a conditional sales contract and alleges, in so far as necessary to note here, in substance, that on April 26, 1919, the defendant, for a valuable consideration entered into a written contract with one H. H. Alvis, whereby the defendant promised to pay to Alvis the sum of $800 on September 26, 1919, with interest; that on the same date for a valuable consideration, in the regular course of business, the contract and all moneys payable thereunder, was assigned to the plaintiff, who is now the owner and holder thereof. A copy of the conditional sales contract is attached to the complaint as an exhibit.

The answer denies the allegation of the complaint, except as specifically admitted and further alleges that the defendant signed the conditional sales contract in the following manner:

That on the date mentioned the defendant purchased one Paige automobile from H. H. Alvis, and

4. See 6 R. C. L. 635.

it was agreed that in exchange as a part of the purchase price a Hudson automobile, belonging to defendant, should be taken, and a credit of approximately $800 should be allowed therefor; that Alvis represented to defendant that in order to make the transaction business-like, it would be necessary for the defendant to execute and deliver to Alvis a bill of sale for the Hudson automobile, and represented that Alvis would cause such bill of sale to be prepared and defendant would immediately sign it; that Alvis prepared the bill of sale and offered the same to defendant for inspection. That the defendant is entirely blind in one eye and has defective vision in the other; that spectacles enable the defendant to read with the defective eye, but that without them it is difficult, slow and laborious; that the defendant attempted to read the bill of sale and read a portion thereof; that he had no spectacles with him at the time; that Alvis thereupon offered to read the instrument to the defendant; that the defendant's son Louis Comini, Jr., was in partnership with H. H. Alvis, engaged in some minor occupation in the machine-shop adjoining the office; that before signing the bill of sale the defendant stepped to the door and asked his son if he thought he should buy that Paige car, whereupon his son said, "Go ahead and buy the car"; that the defendant thereupon returned to the office and found said H. H. Alvis sitting with said instrument placed upon the desk with a chair placed for his convenience, and that H. H. Alvis offered to the defendant pen and ink and designated the place for him to sign, representing that the instrument was the bill of sale which the defendant had examined and which H. H. Alvis had read to him.

The answer then avers as follows:

"That in some fraudulent manner, and by some device or trickery, unknown to the defendant, while the defendant was asking the advice of the said Louis Comini, Jr., the said H. H. Alvis substituted the conditional sales contract referred to as 'Plaintiff's Exhibit A,' for the bill of sale, which defendant intended to sign and that in place of signing the said bill of sale for said Hudson automobile, 'which was the sole intent and purpose of the defendant,' the defendant did, under the belief that he was signing a bill of sale, sign said conditional sales contract, and that said defendant was induced to sign said conditional sales contract by trickery, misrepresentation and fraud.

"That said instruments were substituted in some way while the defendant was asking the advice of his son as above described, and that said instrument was artfully substituted by the said H. H. Alvis so that the defendant could not with diligence notice the substitution and that the defendant was not in any manner careless or negligent in signing said instrument.

"That the said H. H. Alvis, at the time of making such false and fraudulent representations to the defendant and at the time that he exchanged said instruments and caused the defendant to sign a conditional sales contract instead of a bill of sale, as defendant intended, knew that said representations were false and fraudulent, and made the same with the intent and purpose of cheating and defrauding this defendant; that the defendant believed and relied upon the representations of the said H. H. Alvis at the time of the transaction hereinbefore mentioned, in the office of the said H. H. Alvis, and was misled by such false and fraudulent representations to his damage."

REVERSED.

For appellant there was a brief and oral argument by *Mr. Paul W. Childers.*

For respondent there was a brief and oral argument by *Mr. Carlton L. Pepper.*

BEAN, J.—The defendant submits that the conditional sales contract in suit is not a negotiable instrument and is, therefore, subject to the same defense in the hands of the holder in due course that it would be as between the original parties to the contract, and that it was error for the trial court to grant a new trial.

The plaintiff contends that the action of the lower court in granting a new trial was correct; that fraud is not a defense to an action by a holder in due course of a negotiable instrument; citing the statute and authorities relating to negotiable instruments. The plaintiff states in its brief, that the granting of a new trial was, among other things, based upon an erroneous instruction given by the court as follows:

"I also instruct you that if you believe from the evidence, that is by a fair preponderance of the evidence, that the defendant Comini was induced by fraud to sign the conditional sales contract, under the belief he was signing a different instrument and without any negligence on Comini's part, then if you so believe by a fair preponderance of the testimony, your verdict should be for the defendant, and in such event the fact as to whether or not the Security Finance Company was or was not an innocent purchaser, should not have any bearing upon your verdict."

1, 2. The first and, perhaps, the most important question to determine is, whether or not the instrument in suit is a negotiable note. The complaint alleges that the defendant promised to pay H. H. Alvis the sum of $800. It does not allege, neither does the copy of the instrument attached to the complaint show, that Comini promised to pay the amount

to the order of H. H. Alvis.   Neither is the instrument made payable to bearer.

It is important to determine whether an instrument is negotiable, because, as stated in 8 C. J., page 52, Section 54 (2),

"the assignee of a non-negotiable instrument takes it subject to all equities and defenses available between the original parties, while a transferee of a negotiable instrument, where he is a holder for value and in due course, that is, a *bona fide* holder, takes free from all prior equities and defenses, except certain defenses which may be said to relate to the very essence of the contract; and (3) because a consideration for a negotiable instrument is presumed, while the consideration of a non-negotiable instrument must ordinarily be proved."

The negotiable instrument law, Or. Laws, Section 7793, states the requirements of negotiable instruments as follows:

"An instrument to be negotiable must conform to the following requirements: (1) It must be in writing and signed by the maker or drawer; (2) must contain an unconditional promise or order to pay a sum certain in money; (3) must be payable on demand, or at a fixed or determinable future time; (4) must be payable to order or to bearer; and (5) where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

The contract in suit is not a negotiable instrument within the meaning of our negotiable instrument law; therefore, it is not governed by the rules pertaining to negotiable notes.   The important distinction between negotiable and non-negotiable paper is that a *bona fide* holder in due course of the former takes it free from all defense between prior parties of which he had no notice, while non-negotiable paper

in the hands of a transferee is subject to defenses originally existing against the payee or prior holder: 8 C. J., § 67, p. 55, and § 577, p. 391, and cases there cited; *Hull* v. *Angus,* 60 Or. 95 (118 Pac. 284).

The briefs contain an able discussion of the law relating to negotiable instruments which is very interesting, but not applicable to this case. The instruction of the court, above quoted, to the effect that if they believed that the defendant Comini was induced by fraud to sign the conditional sales contract, under the belief that he was signing a different instrument without any negligence on Comini's part, their verdict should be for the defendant, and, in such event, the fact as to whether or not the Security Finance Company was or was not an innocent purchaser, should not have any bearing upon the verdict, was in accordance with the law.

3. The plaintiff also argues that the trial court committed an error justifying the setting aside of the verdict and judgment when it overruled the objection of plaintiff to the introduction of any evidence pertaining to fraud, on the ground that defendant's answer did not state facts sufficient to constitute a defense.

We have set forth the substance of the answer of defendant at some length on account of this question raised by plaintiff. The answer was not challenged by demurrer or motion. The defendant clearly shows by his pleading that at the time he signed the conditional sales contract in suit, the payee, H. H. Alvis, represented to him that it was necessary for him to execute and deliver to Alvis a bill of sale for the Hudson automobile, which Alvis represented he would prepare. That he prepared the bill of sale and the defendant examined the same as best he could, on

account of his defective eyesight; that Alvis fraud-
ulently substituted the conditional sales contract for
the bill of sale, which the defendant intended to sign;
and that in place of signing the bill of sale for the
Hudson automobile "which was the sole intent and
purpose of the defendant" the defendant, under the
belief that he was signing the bill of sale, signed said
conditional sales contract, and that he was induced
to sign the same by such trickery, misrepresentation
and fraud upon which he relied and believed, and
which Alvis the payee knew to be false and fraudu-
lent.

4. The law is, that if a person assigns an instrument
which differs in its terms in some material respect
from the intrument which he intends to sign, or if,
intending to sign an instrument of an entirely differ-
ent character, he places his signature to a promis-
sory note, the mistake as to the terms, or character
of the instrument being caused by the fraud, deceit,
or misrepresentations of another, and not being due
to laches or negligence on the part of the signer, the
latter is not liable on the instrument: 8 C. J., § 1049,
p. 790. It is stated in 8 C. J., § 1049, page 793, as
follows:

"It is impossible to state any general rule as to
what acts or conduct of defendant will amount to
such negligence as will permit a recovery in the
cases now under discussion, since, as will be seen
from an examination of the authorities, the different
courts have taken very widely different views of the
subject. Negligence is generally a question for the
determination of the jury, all the facts and circum-
stances of the case being considered. * * The jury
may take into consideration, it would seem, the age
and mental and physical condition of the person
signing, as well as mercantile usage of trade and
commercial intercourse as to negotiable paper."

The answer is at least sufficient after verdict. It sets forth all the facts in relation to the fraud of Alvis and shows that the defendant Comini was not negligent in the transaction. The trial court plainly charged the jury in regard to the alleged fraud and that the defendant must show that he was not negligent in signing the contract instead of the bill of sale. The court's charge was in part as follows:

"I further charge you that under the pleading in this particular action, in order for the defendant to prevail and justify a verdict in his favor, it becomes necessary for the defendant to establish his alleged defense of fraud by a preponderance of the testimony. In other words, the burden of proving such fraud as alleged is upon the defendant, who must prove to you by a fair preponderance of the evidence that it was solely because of the fraudulent acts and fraudulent representations on the part of Alvis, that he, Comini, signed the contract in question; and, in order to justify a verdict in his behalf it would also be necessary for the defendant to prove to you by a fair preponderance of the testimony that he actually relied upon the false representations, if any, of Alvis, and that he, Comini, himself, was not negligent in any way when he signed the contract instead of a bill of sale as alleged in his answer."

The instructions were fair and as favorable to the plaintiff as it could reasonably expect.

There was testimony in the case tending to sustain the allegations of the answer and to support the verdict. The instructions of the court to the jury, which are claimed by plaintiff to be erroneous, were correct. If there were any erroneous instructions given they were favorable to the plaintiff. The first impression of the learned trial judge was right. The case was fairly submitted to the jury. It was error to set aside the verdict and judgment and grant a new trial.

The judgment of the Circuit Court granting a new trial is reversed and the cause will be remanded with directions to enter judgment on the verdict.

REVERSED AND REMANDED WITH DIRECTIONS.

McBRIDE, C. J., and BROWN and COSHOW, JJ., concur.